UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANDERS DWAYNE JOHNSON,

   Plaintiff,

v.                                          CAUSE NO. 3:22-CV-142-DRL-MGG

INDIANA STATE PRISON *et al.*,

   Defendants.

OPINION AND ORDER

Sanders Dwayne Johnson, a prisoner without a lawyer, filed a complaint against four defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges that, on either February 21, 2020 or February 21, 2021,[1] while he was in cell #126 West in D-cellhouse, two inmates on the eastside of D-cellhouse set their mattresses and trash on fire. ECF 1 at 2. The fire caused smoke to fill the entire cellhouse. *Id*. Mr. Johnson along with other inmates yelled for help because they could

---

[1] Mr. Johnson lists the date of the incident as February 21, 2020, on page 1 of his complaint and as February 21, 2021, on page 2 of his complaint. ECF 1 at 1-2.

not breathe and needed medical assistance. *Id*. After several minutes passed, Mr. Johnson's hands became sweaty and he had a sharp pain in his chest, which caused him to fall to the ground. *Id*. Neighboring inmates attempted to assist him by yelling for help and beating on their desks and slamming their bunks on the floor. *Id*. When an officer arrived at Mr. Johnson's cell, an inmate told the officer that Mr. Johnson needed medical attention. *Id*. The officer asked Mr. Johnson what was wrong, but Mr. Johnson was only able to respond to the officer by holding up his sweaty hands. *Id*. at 2-3. The officer left to get medical help, but he never returned to Mr. Johnson's cell. *Id*. at 3. Two other officers then tried to assist Mr. Johnson but the key to his cell could not be located. *Id*. After an officer found the key, Mr. Johnson was taken to the medical unit and given an inhaler. *Id*.

Based on these events, Mr. Johnson has sued the Indiana State Prison (ISP), Warden Ron Neal, Don Bus (who the court construes to be Deputy Warden Dawn Buss), and Officer Ferino. He seeks monetary damages from the defendants for putting his life in danger as well as for pain and suffering that continues to this day.

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). A prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id*. at 834-35. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the

2

inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks and citation omitted). Prison officials are not expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

With regard to ISP, Mr. Johnson may not proceed against ISP because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As to Warden Neal and Deputy Warden Buss, a lawsuit against an individual under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). And there is also no general *respondeat superior* liability under § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Mr. Johnson has not alleged that Warden Neal and Deputy Warden Buss were personally involved in the incident, they cannot be held liable simply because they oversee the operation of the prison or supervise correctional officers. Furthermore, though Mr. Johnson has named Officer Ferino as a defendant, he does not mention Officer Ferino in his complaint and has not tied any of his allegations of wrongdoing to Officer Ferino. Therefore, Mr. Johnson cannot proceed against these defendants.

Mr. Johnson's complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in

this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Johnson needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He also needs to clarify the date the event occurred because he has listed both February 21, 2020 and February 21, 2021, as the date of the event. After he properly completes the complaint form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Sanders Dwayne Johnson until **January 6, 2023**, to file an amended complaint; and

(2) CAUTIONS Sanders Dwayne Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 7, 2022    *s/ Damon R. Leichty*
                    Judge, United States District Court