UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANDERS DWAYNE JOHNSON,

    Plaintiff,

    v.                                 CAUSE NO. 3:22-CV-142-DRL-MGG

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

Sanders Dwayne Johnson, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Mr. Johnson alleges that, on February 21, 2021, while he was in cell #126 West in D-cellhouse, a fire caused the entire cellhouse to fill up with smoke. ECF 17 at 2. He later learned that two inmates on the eastside of D-cellhouse set their mattresses and trash on fire. *Id*. Mr. Johnson began to have difficulty breathing so he yelled for help. *Id*. Several minutes later, Mr. Johnson had a sharp pain in his chest, which caused him to fall to the ground. *Id*. Neighboring inmates attempted to alert prison

staff by yelling for medical assistance. *Id*. When Officer Ferino arrived at Mr. Johnson's cell, he found him lying on the floor unable to speak. *Id*. An inmate explained the situation to Officer Ferino, who responded: "I am going to go and get medical help." *Id*. However, Officer Ferino never returned to Mr. Johnson's cell. *Id*. Two other officers then attempted to help Mr. Johnson, but they could not find the key to his cell. *Id*. at 3. After another officer found the key, Mr. Johnson was taken to the medical unit to receive care for his breathing issue. *Id*.

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). However, a prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id*. at 834-35. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (quotations and citation omitted). Prison officials are not expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

Mr. Johnson has sued Warden Neal, Lieutenant Lott, and Officer Ferino alleging that they were deliberately indifferent to the harm he faced when they left him in cell #126 West during the fire on February 21, 2021. ECF 17 at 5. He says the defendants failed to take reasonable steps to protect him from the toxic smoke and dangerous conditions caused by the fire. *Id*. at 5-6. As to Warden Neal and Lieutenant Lott, a lawsuit against an individual under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Mr. Johnson has not alleged that Warden Neal and Lieutenant Lott were personally involved in the incident. Moreover, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Warden Neal and Lieutenant Lott cannot be held liable simply because they employ or supervise prison staff. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). He has not stated Eighth Amendment claims against either Warden Neal or Lieutenant Lott.

Mr. Johnson's claim against Officer Ferino fares no better. When Officer Ferino saw Mr. Johnson lying on his cell floor unable to speak, he said he would go get medical help. Even though Officer Ferino did not return to Mr. Johnson's cell, the circumstances Mr. Johnson describes, suggest negligence or carelessness on the part of Officer Ferino, not conduct akin to criminal recklessness or a "total unconcern" for Mr. Johnson's welfare and safety. *Duane*, 959 F.2d at 677. Mr. Johnson has not stated an Eighth Amendment claim against Officer Ferino.

Mr. Johnson has also sued Warden Neal, Lieutenant Lott, and Officer Ferino for failing to properly train jail staff on how to deal with cellhouse fires. ECF 17 at 3-4. In the context of the Eighth Amendment, a failure to train claim can only be brought against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden)). Warden Neal, Lieutenant Lott, and Officer Ferino are not municipalities. Thus, he has not stated a claim against these three defendants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

August 17, 2023                                     *s/ Damon R. Leichty*
                                                    Judge, United States District Court